## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RICHARD WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:10-cv-1608-SEB-DML |
| | ) | |
| DR. GREENBURG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Discussing Motion for Summary Judgment

This cause is before the court on the unopposed motion for summary judgment of one of the defendants, Nurse Lorena Lee. Lee's motion seeks resolution of Walton's claim that he was denied adequate medical care while confined at the Davies County Jail.

Having read and examined the pleadings, Lee's motion for summary judgment, and the materials supporting such motion, and being duly advised, the court finds that Lee's motion for summary judgment must be granted. This conclusion is reached based on the following facts and circumstances:

1.      Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).

a.      A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

b.     "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

c.     To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor. *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). AThe nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion.@ *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). *See Fed.R.Civ.P.* 56(c)(1)(A),B)(both the party Aasserting that a fact cannot be,@ and a party asserting that a fact is genuinely disputed, must support their assertions by Aciting to particular parts of materials in the record,@ or by Ashowing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.@).

d.     In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir.1994). However, "before a non-movant can benefit from a favorable view of the evidence, it must show that there is some genuine evidentiary dispute." *SMS Demag Aktiengesellschaft v.Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009).

e.     As noted, Walton has not opposed Lee's motion for summary judgment. The consequence of this is that he has conceded Lee's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

2.     "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the defendant's motion for summary judgment is this:

a.      Pretrial detainees have a right to receive reasonable medical treatment for a serious injury or medical need, including mental health needs. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Collignon v. Milwaukee County,* 163 F.3d 982, 986-87 (7th Cir. 1998). This right is grounded in the Fourteenth Amendment, because the constitutional rights of a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979). Pursuant to constitutional requirements, a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Id.* at 535.

b.      Not all jail conditions trigger constitutional scrutiny. Only deprivations of "basic human needs," including adequate food, clothing, shelter, medical care, sanitation, and physical safety, or lack of the "minimal civilized measure of life's necessities," rise to that level. *See Sanders v. Sheahan,* 198 F.3d 626, 628 (7th Cir. 1999); *Tesch v. County of Green Lake,* 157 F.3d 465, 475 (7th Cir. 1998); *Antonelli v. Sheahan,* 81 F.3d 1422 (7th Cir. 1996). "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish,* 441 U.S. at 542).

c.      Under the Due Process Clause, the standard with respect to the right to safe conditions of confinement is whether the defendant acted with deliberate indifference towards the plaintiff by ignoring a known and substantial risk to the inmate's safety. *Butera v. Cottey,* 285 F.3d 601, 605 (7th Cir. 2002); see also *Payne v. Churchich,* 161 F.3d 1030, 1041 (7th Cir. 1998) ("A detainee establishes a § 1983 claim by demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger."). Deliberate indifference requires a showing of two elements in this setting. *Palmer v. Marion County,* 327 F.3d 588, 593 (7th Cir. 2003). First, a detainee must "objectively show that he was incarcerated under conditions posing a 'substantial risk of serious harm.'" *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). Second, a detainee must establish that the defendant had "knowledge of and disregarded the risk to his safety.*" Id.* (citing *Farmer,* 511 U.S. at 837 ("[A] prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety.")).

5.      The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Walton as the non-moving party. See *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

a.      The Daviess County Jail has a medical staff which supplies medical care to inmates of the Jail. The functions performed by various members of that medical staff are specifically delineated. In furtherance of that delineation, it is the responsibility of a nurse to complete health assessments, dispense medication, and treat acute and chronic medical disorders. A nurse at the Jail is also responsible for following the treatment protocol developed by the responsible physician. By contrast, medical judgments at the Jail are made by a physician. This includes conducting physical examinations, establishing protocols with respect to treatment and prescription medications, monitoring charts, co-signing medical charts, developing individual treatment plans, administering prescriptions, and reviewing the medical charts for call on a routine basis.

b.      At the time pertinent to Walton's claim, defendant Lorena Lee was a nurse at the Davies County Jail. Walton completed a sick call request form on February 29, 2008, complaining that his feet were very dry and swollen. Lee completed the health assessment on March 6, 2008, in which it is noted that Lee observed the bottoms of Walton's feet were dry and cracked, but that there were no signs of infection. Lee instructed Walton to apply lotion to his feet several times daily, and made note of her instructions on Walton's medical record. Dr. Hendrix cosigned the February 29, 2008 entry on Walton's medical chart.

c.      Walton submitted a grievance form on the same day he was examined by Lee, in which he requested a foot stone to scrub his feet. In response to the grievance form, Jail officials explained that Lee did not observe any signs of infection or swelling and that Walton had not allowed adequate time for the lotion to be effective.

d.      On April 23, 2008, Walton completed an inmate request form in which he stated that this lotion was not improving the condition of his feet. He again requested a foot stone. Lee assessed Walton's feet for the second time on May 15, 2008. Lee observed dry skin on both feet, but she did not observe any signs or symptoms of infection. Lee instructed Walton to continue applying lotion as needed. In accordance with protocols established by Dr. Hendrix, Lee advised Walton that she could not provide him a foot stone due to the safety and security concerns.

e.      Walton completed a second grievance form on May 15, 2008, in which he complained that he was not permitted to see the Jail doctor on that date. Dr. Hendrix examined Walton on May 23, 2008. At that time, Dr. Hendrix ordered Walton to continue applying lotion as needed. He further advised Walton that anything beyond lotion was not medically necessary, including a pumice stone.

f.      Walton completed another sick call request form on September 23, 2008.   Walton complained of sharp pain and swelling in his left foot and toes and requested an x-ray. Lee conducted a health assessment of Walton the next day, September 24, 2008, at which time he did not observe any swelling or sign of athlete's foot. Lee noted on Walton's medical chart that the plan of action was to refer Walton to Dr. Arthur Greensburg. Lee did not conduct any additional assessments of Walton or otherwise participate in his treatment after September 24, 2008.

g.      The remainder of Walton's medical care at the Daviess County Jail was provided by other healthcare providers. Dr. Greenberg diagnosed Walton with plantar fasciitis on October 14, 2008, and prescribed ibuprofen. Dr. Greenberg concluded no further treatment was necessary except for over-the-counter, commissary medications.   He advised Walton that his condition is self-limited and can last up to one year and that no specific treatment is possible.

h.      Walton was examined by Dr. John Collier on January 27, 2009, and again on February 10, 2009. Walton continued to complain of severe dryness and pain in his feet. Dr. Collier prescribed application of an antifungal cream and moisturizing lotion and daily soaking of his feet in warm water. He referred Walton to a podiatrist, Dr. Kevin Powers, for additional treatment. Dr. Collier noted the absence of obvious abnormalities on Walton's feet on Walton's medical charts.

i.      Dr. Powers, a foot and ankle specialist, examined Walton on February 23, 2009, Dr. Powers diagnosed Walton as having a corn between the fourth and fifth toes bilateral, and a cyst under the nail plate of his right great toenail. Dr. Powers debrided the lesions between Walton's fourth and fifth toes to aid his comfort. Dr. Powers informed Dr. Collier that the corn would benefit from elective surgery. However, he described as non-emergent. The remainder of Walton's treatment while at the Daviess County Jail was limited to providing symptomatic pain medication as needed.

6.      Nurse Lee is a medical professional and medical provider. For a medical professional to be liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents A>such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.=@ *Sain v. Wood,* 512 F.3d 886, 895 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County,* 163 F.3d 982, 988 (7th Cir. 1998)); see also *Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006).

a.      The evidentiary record summarized above negates the presence of the subjective state of mind required to show deliberate indifference, *i.e.,* that Lee

was "subjectively aware of [Walton's] serious medical needs and disregarded an excessive risk that a lack of treatment posed to his health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). Walton's opinion otherwise does not support a claim of cruel and unusual punishment. *Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir. 2001) (AA difference of opinion as to how a condition should be treated does not give rise to a constitutional violation.@).

b.    Walton presents no evidentiary basis on which to conclude that Nurse Lee did not exercise reasonable professional judgment when assessing and treating Walton's medical conditions. Because of this, Nurse Lee is entitled to the entry of judgment in her favor and against Walton. *Celotex Corp.*, 477 U.S. at 322-23 (explaining that when the moving party has met the standard of Rule 56, summary judgment is mandatory).

7.    The party opposing a summary judgment motion bears an affirmative burden of presenting evidence that a disputed issue of material fact exists. *See Wollin v. Gondert,* 192 F.3d 616, 620 (7th Cir. 1999). If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party.@ *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996). The only conclusion supported by the evidentiary record is that Lee was not deliberately indifferent to Walton's serious medical needs while Walton was confined in the Daviess County Jail. Nurse Lee's motion for summary judgment [41] is therefore **granted**. No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

   **IT IS SO ORDERED.**


Date: 05/14/2012
_____

Distribution:                                      SARAH EVANS BARKER, JUDGE
                                                   United States District Court
                                                   Southern District of Indiana

Richard Walton
7811 U.S. Hwy 150
Shoals, IN   47581

All electronically registered counsel